Slip Op. 11-32

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| STANDARD FURNITURE MANUFACTURING CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> AMERICAN FURNITURE MANUFACTURERS COMMITTEE FOR LEGAL TRADE, VAUGHAN-BASSETT FURNITURE COMPANY, INC., KINCAID FURNITURE CO., INC., L. & J.G. STICKLEY, INC., SANDBERG FURNITURE MANUFACTURING COMPANY, INC., STANLEY FURNITURE COMPANY, INC., and T. COPELAND AND SONS, INC., <br><br> Defendant-Intervenors. | Before:  Gregory W. Carman, Judge <br>         Timothy C. Stanceu, Judge <br>         Leo M. Gordon, Judge <br><br> Consol. Court No. 07-00028 |

## OPINION AND ORDER

[Granting plaintiff's motions to amend complaints to add a new claim and additional factual allegations and extending the time for plaintiff to respond to defendant-intervenors' motion to dismiss]

Dated: March 23, 2011

*Mowry & Grimson, PLLC* (*Jeffrey S. Grimson*, *Jill A. Cramer*, *Kristin H. Mowry*, *Sarah M. Wyss* and *Susan E. Lehman*) for plaintiff.

*Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Franklin E. White, Jr.*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*David S. Silverbrand* and *Michael J. Dierberg*) and *Neal J. Reynolds* and *Patrick V. Gallagher, Jr.*, United States International Trade Commission, for defendant.

*King & Spalding, LLP* (*Jeffrey M. Telep*, *Joseph W. Dorn*, *Steven R. Keener* and *Taryn K. Williams*) for defendant-intervenors.

Stanceu, Judge: Plaintiff Standard Furniture Manufacturing Co., Inc. ("Standard"), a domestic furniture manufacturer, brought four actions, now consolidated, to contest on various grounds its denial by the United States International Trade Commission ("ITC") of status as an "affected domestic producer" ("ADP") under the Continued Dumping and Subsidy Offset Act of 2000 ("CDSOA"), 19 U.S.C. § 1675c (repealed 2006). ADP status potentially would have qualified Standard for distributions of antidumping duties collected under an antidumping duty order on imports of wooden bedroom furniture from the People's Republic of China. *Notice of Amended Final Determination of Sales at Less Than Fair Value & Antidumping Duty Order: Wooden Bedroom Furniture From the People's Republic of China*, 70 Fed. Reg. 329 (Jan. 4, 2005). Plaintiff also challenges the failure of United States Customs and Border Protection ("Customs") to pay it such distributions.

Before the court are plaintiff's motions, opposed by defendant and defendant-intervenors, for leave to amend the complaint in two of the four actions consolidated under Consol. Court No. 07-00028.[1] Also before the court is plaintiff's motion, opposed by defendant-intervenors, requesting an extension of time for its response to defendant-intervenors' motion to dismiss and for judgment on the pleadings. The court will grant plaintiff's motions.

---

[1] Due to the presence of common issues, the court, on February 15, 2011, consolidated plaintiff's four actions. Order (Feb. 15, 2011), ECF No. 57. Consolidated with *Standard Mfg. Co. v. United States* under Consol. Court No. 07-00028 are *Standard Mfg. Co. v. United States*, Court No. 07-00295, *Standard Mfg. Co. v. United States*, Court No. 09-00027, and *Standard Mfg. Co. v. United States*, Court No. 10-00082.

## I. BACKGROUND

Plaintiff brought the four actions between January 31, 2007 and March 4, 2010.  These actions pertain to antidumping duties collected by Customs during particular fiscal years, as follows: FY 2006 (Court No. 07-00028); FY 2007 (Court No. 07-00295); FY 2008 (Court No. 09-00027); and FY 2009 & FY 2010 (Court No. 10-00082).  The court stayed the four actions pending a final resolution of other litigation raising the same or similar issues.[2]  *See, e.g.*, Order (June 11, 2007), ECF No. 37.  Plaintiff filed the motions to amend the complaints on January 24, 2011.  Mot. for Leave to Amend Compl. (Court No. 07-00028) (Jan. 24, 2011), ECF No. 47; Mot. for Leave to Amend Compl. (Court No. 07-00295) (Jan. 24, 2011), ECF No. 45.[3]  The court lifted the stays soon thereafter.  Order (Feb. 9, 2011), ECF No. 52.  Defendant-intervenors filed their motion to dismiss and for judgment on the pleadings on February 23, 2011.  Def.-Intervenors' Mot. to Dismiss & for J. on the Pleadings (Feb. 23, 2011), ECF No. 61 ("Def.-Intervenors' Mot."); Def.-Intervenors' Mem. in Supp. of their Mot. to Dismiss & for J. on the Pleadings (Feb. 23, 2011), ECF No. 61 ("Def.-Intervenors' Mem.").

## II. DISCUSSION

In the CDSOA, Congress directed the ITC to forward to Customs a list of "petitioners and persons with respect to each [antidumping or countervailing duty] order . . . and a list of

---

[2] The court's orders stayed the actions "until final resolution of *Pat Huval Restaurant & Oyster Bar, Inc. v. United States International Trade Commission*, Consol. Court No. 06-00290, that is, when all appeals have been exhausted."  Order (June 11, 2007), ECF No. 37.  The language of the court's stay orders in the other consolidated actions was substantially the same.

[3] Plaintiff amended the complaints in Court Nos. 07-00295, 09-00027, and 10-00082, as of right.  Am. Compl. (Court No. 07-00295) (Oct. 4, 2007), ECF No. 16; First Am. Compl. (Court No. 09-00027) (Feb. 9, 2011), ECF No. 32; First Am. Compl. (Court No. 10-00082) (Feb. 9, 2011), ECF No. 29.

persons that indicate support of the petition by letter or through questionnaire response."

19 U.S.C. § 1675c(d)(1).  The CDSOA also directed Customs to deposit collected antidumping

and countervailing duties into special accounts, to segregate those duties according to the

relevant antidumping or countervailing duty order, and to distribute, on an annual basis, a ratable

share of duties collected for a particular unfairly-traded product to domestic producers who

qualified as ADPs under the CDSOA as reimbursement for incurred qualifying expenditures.  *Id.*

§ 1675c(e).  In the 2006 repeal of the CDSOA, Congress provided for the continued distribution

of duties "on entries of goods made and filed before October 1, 2007."  Deficit Reduction Act of

2005, Pub. L. No. 109-171, § 7601(b), 120 Stat. 4, 154 (2006).[4]

  Common to each of Standard's complaints are four claims.  Standard claims, first, that

the actions of the two agencies were inconsistent with the CDSOA, not supported by substantial

evidence, and otherwise not in accordance with law.  Compl. ¶ 41 (Court No. 07-00028) (Jan.

31, 2007), ECF No. 5.  Second, it claims that the "petition support requirement" of the CDSOA,

which conditions the availability of ADP status on a domestic producer's support of an

antidumping or countervailing duty petition, violates the First Amendment of the United States

Constitution.  *Id*. ¶¶ 43-44.  Third, Standard claims that the petition support requirement violates

the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution by

impermissibly discriminating between Standard and other domestic furniture producers who

expressed support for the antidumping petition.  *Id*. ¶¶ 46-47.  Fourth, plaintiff claims that the

---

[4] In 2010, Congress further limited distributions by prohibiting payments with respect to entries of goods that as of December 8, 2010 were "(1) unliquidated; and (2)(A) not in litigation; or (B) not under an order of liquidation from the Department of Commerce."  Pub. L. No. 111-291, § 822, 124 Stat. 3064, 3163 (2010).

petition support requirement, by basing eligibility for distributions on past conduct, *i.e.*, the past

expression of support for an antidumping petition, is impermissibly retroactive under the Due

Process Clause of the Fifth Amendment of the United States Constitution.  *Id.* ¶ 49.

The complaints Standard filed in the two most recent actions, Court Nos. 09-00027 and

10-00082, also state a fifth claim, designated as Count Five, that the petition support requirement

of the CDSOA "violates the First Amendment to the Constitution as applied to Standard because

it discriminates against Standard based on expression of its views rather than action (its litigation

support)."  First Am. Compl. ¶ 50 (Court No. 09-00027) (Feb. 9, 2011), ECF No. 32; First Am.

Compl. ¶ 52 (Court No. 10-00082) (Feb. 9, 2011), ECF No. 29.  Plaintiff has moved for leave to

amend the complaints in the 2007 actions to add this fifth claim.  Mot. for Leave to Amend

Compl. & Proposed First Am. Compl. ¶ 50 (Court No. 07-00028) (Jan. 24, 2011), ECF No. 47;

Mot. for Leave to Amend Compl. & Proposed Second Am. Compl. ¶ 50 (Court No. 07-00295)

(Jan. 24, 2011), ECF No. 45.  The proposed amended complaints also contain new factual

allegations.[5]  Proposed First Am. Compl. ¶¶ 20, 21 (Court No. 07-00028); Proposed Second Am.

Compl. ¶¶ 20, 21 (Court No. 07-00295).

Defendant and defendant-intervenors oppose plaintiff's motions to amend the complaints

on the ground of futility, arguing that any relief on plaintiff's proposed new "as applied" claim

---

[5] As plaintiff states in its motions, "Standard's proposed amended complaint also adds several paragraphs to the Statement of Facts providing further detail necessary to present the contrast between the litigation support provided by Standard and that provided by four domestic producers (1) who provided the same level of support, (2) who were not petitioners, and (3) received $4.5 million in CDSOA payouts based on their support for the petition."  Mot. for Leave to Amend Compl. 7 (Court No. 07-00028) (Jan. 24, 2011), ECF No. 47; Mot. for Leave to Amend Compl. 7 (Court No. 07-00295) (Jan. 24, 2011), ECF No. 45.  The proposed amended complaints also update certain factual information.

would be foreclosed by binding precedent holding that the CDSOA's petition support

requirement does not violate the First Amendment.  Resp. of Defs., United States & U.S.

Customs & Border Prot., to Mot. for Leave to Amend Compl. (Feb. 14, 2011), ECF No. 55

("Def.'s Resp."); Def.-Intervenors' Opp'n to Pl.'s Mot. for Leave to Amend its Compl. (Feb. 14,

2011), ECF No. 56 ("Def.-Intervenor's Opp'n").  Defendant and defendant-intervenors argue,

*inter alia*, that the claim plaintiff seeks to add is indistinguishable from that rejected by the

United States Court of Appeals for the Federal Circuit ("Court of Appeals") in *SKF USA, Inc. v.*

*United States*, 556 F.3d 1337 (Fed. Cir. 2009).  In addition, defendant-intervenors base their

motion to dismiss and for judgment on the pleadings on the grounds of lack of subject matter

jurisdiction and failure to state claims on which relief can be granted.  Def.-Intervenors' Mot.;

Def.-Intervenors' Mem.

        The new claim plaintiff proposes to add and the supporting factual allegations are already

before the court as a result of the complaints filed in the 2009 and 2010 actions, but these actions

pertain to only three of the five fiscal years at issue in the consolidated case.  The amendments, if

allowed by the court, would permit plaintiff to achieve its objective of conforming the

complaints in the 2007 actions with the complaints in the 2009 and 2010 actions.  It also would

allow plaintiff to achieve its objective of pleading its factual allegations with respect to the

CDSOA distributions made in all five of the fiscal years for which plaintiff challenges agency

actions.  Plaintiff seeks the opportunity to plead facts sufficient to satisfy the factual pleading

standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*,

129 S.Ct. 1937, 1951-52 (2009), and the interpretations of those cases in the United States Court

of International Trade and the Court of Appeals.  Mot. for Leave to Amend Compl. 7-8 (Court

No. 07-00028) (Jan. 24, 2011), ECF No. 47; Mot. for Leave to Amend Compl. 7-8 (Court

No. 07-00295) (Jan. 24, 2011), ECF No. 45.  In the interest of justice, plaintiff should be

permitted to amend its complaints in the 2007 actions to serve both of these objectives.

As provided in USCIT Rule 15(a)(2), the court should freely give leave to amend a

pleading "when justice so requires."  USCIT R. 15(a)(2).  The court has discretion, however, to

deny a motion for leave to amend a pleading on various grounds, including futility or prejudice

to the other parties.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Intrepid v. Pollock*,

907 F.2d 1125, 1128 (Fed. Cir. 1990); 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane,

Federal Practice and Procedure § 1487, at 701 (3d ed. 2010) ("Perhaps the most important factor

listed by the Court for denying leave to amend is that the opposing party will be prejudiced if the

movant is permitted to alter a pleading.").

The court discerns no prejudice to defendant or defendant-intervenors that would result

from allowing the amendment of the two earlier complaints, and neither defendant nor

defendant-intervenors point to any.  The opposition to plaintiff's motions to amend is based

solely on the ground of futility.  However, in the circumstances of this consolidated case, in

which the legal theory supporting the new claim and the new factual allegations already are

before the court and are addressed in defendant-intervenors' motion to dismiss and for judgment

on the pleadings, and in which amendment would not prejudice opposing parties, the court is not

required to consider futility in ruling on plaintiff's motions to amend.  *See Foman*, 371 U.S.

at 182 ("Of course, the grant or denial of an opportunity to amend is within the discretion of the

District Court . . . .").  The court necessarily would consider whether the proposed new claim

should be dismissed in ruling on defendant-intervenors' motion to dismiss and for judgment on

the pleadings, whether or not it grants the instant motions to amend.  Therefore, the court

reserves any decision on dismissing the new claim until it rules on defendant-intervenors'

motion to dismiss, which is now moot with respect to the 2007 actions but not with respect to the

2009 and 2010 actions.[6]  Briefing on this motion is not yet complete.  Defendant-intervenors

may submit new a new motion to dismiss the complaints, as now amended, in the 2007 actions.

Also before the court is plaintiff's motion for an extension of time to respond to

defendant-intervenors' motion to dismiss and for judgment on the pleadings.  Partial Consent

Mot. for Extension of Time (Mar. 16, 2011), ECF No. 74.  This motion is also moot as to the

2007 actions but not moot as to the 2009 and 2010 actions.  Defendant-intervenors oppose this

motion.  Def.-Intervenors' Opp'n to Pl.'s Mot. for Extension of Time (Mar. 18, 2011), ECF No.

77.  The court finds good cause for an extension of this time period.

### III.  CONCLUSION AND ORDER

The court, in its discretion, will grant plaintiff's motions to amend its complaints in Court

Nos. 07-00028 and 07-00295, reserving any ruling on whether the new claim plaintiff is adding

to those actions should be dismissed.  As to the claims in the 2009 and 2010 actions, the court

will grant plaintiff additional time to respond to defendant-intervenors' motion to dismiss.

---

[6] Defendant-intervenors' motion for judgment on the pleadings, which applies only to the complaint in Court No. 07-00028 (the only of the four now-consolidated actions in which answers have been filed) is mooted by this Opinion and Order, which allows an amended complaint in that action.  Answer of Def., United States Customs & Border Protection (Court No. 07-00028) (Apr. 3, 2007), ECF No. 20; Answer of Defs. Int'l Trade Comm'n & its Chairman Daniel R. Pearson (Court No. 07-00028) (Apr. 6, 2007), ECF No. 21; Answer of Def.-Intervenors, American Furniture Manufacturing Committee for Legal Trade & Vaughan-Bassett Furniture Co., Inc. (Court No. 07-00028) (Apr. 11, 2007), ECF No. 24.  Also moot is defendant-intervenors' motion to dismiss with respect to the complaint in Court No. 07-00295, now amended.

**Consol. Court No. 07-00028**                                                    **Page 9**

## ORDER

In consideration of plaintiff's motions to amend its complaints in Court Nos. 07-00028

and 07-00295, defendant and defendant-intervenors' oppositions thereto, plaintiff's motion for

an extension of time to respond to defendant-intervenors' motion to dismiss and for judgment on

the pleadings, as filed on March 16, 2011, and all papers and proceedings herein, and upon due

deliberation, it is hereby

**ORDERED** that plaintiff's motions to amend its complaints, as filed on January 24,
2011, be, and hereby are, GRANTED; it is further

**ORDERED** that the proposed amended complaints in Court No. 07-00028 and Court No.
07-00295 be, and hereby are, accepted for filing in the consolidated action as of this date; and it
is further

**ORDERED** that the period for plaintiff to respond to defendant-intervenors' motion to
dismiss the claims in the complaints filed in Courts Nos. 09-00027 and 10-00082, be, and hereby
is, extended to April 22, 2011.

                                        /s/ Timothy C. Stanceu
                                        Timothy C. Stanceu
                                        Judge

Dated: March 23, 2011
       New York, New York